# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
Oct 12 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| United States of America<br>v.<br>WILFREDO GONZALEZ-VALLE<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:23-mj-71532 MAG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 11, 2023** in the county of **San Francisco** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent Andrew Booth

☑ Continued on the attached sheet.

/S/
*Complainant's signature*

Andrew Booth, FBI Special Agent
*Printed name and title*

Approved as to form   /S/
AUSA RYAN ARASH REZAEI

Sworn to before me by telephone.

Date: 10/11/2023

City and state: San Francisco

*Judge's signature*

Hon. Lisa J. Cisneros, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Andrew Booth, a Special Agent with the Federal Bureau of Investigation, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging WILFREDO GONZALEZ-VALLE with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), occurring on or about October 11, 2023, in San Francisco, California, in the Northern District of California.

## SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I have been a Special Agent with the Bureau of Federal Bureau of Investigation since May 23, 2019. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 3051.

5. During my training at the FBI Academy, Quantico, Virginia, I received training in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. The academy covered all aspects of FBI led investigations, including but not limited to physical surveillance, constitutional rights, the execution of search warrants, interview techniques, and working with confidential sources.

6. Based on my training and experience, as well as conversations I have had with experienced law enforcement officers, I have become familiar with the practices of narcotics traffickers. Specifically, I am familiar with methods that traffickers use to smuggle, safeguard, transport, and distribute narcotics, and to collect and launder the proceeds of drug trafficking. These methods include the use of automobiles, wireless communications devices (such as cellular phones), lookouts and counter surveillance, false or fictitious identities, coded language, and/or encrypted communications. I know that many drug traffickers use cell phones to facilitate their drug dealing activities, including to arrange the collection, transportation, and distribution of narcotics. I also know that many drug traffickers will meet in person at pre-arranged locations to conduct meetings and transactions in furtherance of their drug trafficking activities. Many drug dealers utilize such practices to commit crimes while avoiding detection by law enforcement.

7. I have also had discussions with other law enforcement officers about the packaging and preparation of narcotics, the methods of operation, and security measures that are often employed by narcotics traffickers. I have examined documentation of various methods in which fentanyl and methamphetamine and other illicit drugs are smuggled, transported, possessed with intent to distribute, and distributed.

8.      I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued.  Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

9.      **Possession of Controlled Substance with Intent to Distribute**.  Under Title 21, United States Code, Section 841(a)(1), it is unlawful for any person to knowingly or intentionally possess with intent to distribute a federally controlled substance.  Under 21 C.F.R. § 1308.12, methamphetamine is a Schedule II controlled substance.

## STATEMENT OF PROBABLE CAUSE

10.     On October 11, 2023, GONZALEZ-VALLE was arrested by FBI Agents near the intersection of Hyde Street and Ellis Street, in San Francisco, California, in the Northern District of California.  During a search incident to the arrest, the FBI located on GONZALEZ-VALLE's person various drugs, including cocaine, cocaine base, and methamphetamine.  Based on the facts described below, I have probable cause to believe that GONZALEZ-VALLE violated 21 U.S.C. § 841(a)(1) and (b)(1)(C), based on his possession with intent to distribute methamphetamine.

11.     Between the hours of 0700 and 0800 on October 11, 2023, law enforcement personnel observed and recorded a male, later identified as GONZALEZ-VALLE, pacing and conducting multiple hand-to-hand transactions around the intersection of Hyde Street and Ellis Street, in San Francisco, California. GONZALEZ-VALLE was wearing a gray-colored hooded sweatshirt, white under t-shirt, dark colored baseball cap, and blue jeans.  While observing

GONZALEZ-VALLE, he constantly surveyed his surroundings as if he were looking for, or looking out for, someone. Based on the training and experience of the law enforcement personnel present at that time, the type of hyper vigilance displayed by GONZALEZ-VALLE was consistent with behavior commonly displayed by narcotics dealers that are on the constant lookout for potential customers, rival drug dealers, and police presence.

12. GONZALEZ-VALLE was observed engaging in at least two hand-to-hand deals. In a transaction that occurred at approximately 0719 hours, GONZALEZ-VALLE was seen accepting loose bill currency from a buyer and then providing the buyer a small white object in return. I observed approximately one additional transaction of a similar nature involving GONZALEZ-VALLE. Based on conversations with other law enforcement officers, as well as my experience in the field, I recognized the hand-to-hand transaction to be the sale of illicit narcotics by GONZALEZ-VALLE.

13. Law enforcement arrested GONZALEZ-VALLE without incident for the on-viewed possession of controlled substances and was searched incident to arrest. Law enforcement recovered the following evidence from GONZALEZ-VALLE'S person:

- Suspected Cocaine HCL in plastic baggies, 1.1g
- Suspected Methamphetamine in plastic bag, 25.7g
- Suspected Cocaine in plastic bag, 21.2g

14. The suspected cocaine base seized from GONZALEZ-VALLE'S person later tested presumptive positive for cocaine base and methamphetamine utilizing a TruNarc testing device.





15.     The suspected cocaine base, which was packaged into several pressed lock baggies possessed by GONZALEZ-VALLE, were indicative of drug sales.  Drug dealers commonly pre-package into user-size quantities (e.g., a gram or two) the drugs they wish to sell. In so doing drug dealers can more quickly sell their product and increase their overall sales, thus increasing their profits.

16.     Drug dealers in the Tenderloin, in order to cater to their customers, also commonly sell multiple drugs at a given time.  GONZALEZ-VALLE's simultaneous possession of three different drugs—cocaine, cocaine base, and methamphetamine—indicates to me that he possessed the drugs found on his person, including the methamphetamine, with the intent to distribute.  I also note that the relatively larger amounts of the suspected methamphetamine (25.7 grams gross) and cocaine (21.2 grams) indicate that GONZALEZ-VALLE possessed the

substances with the intent to distribute. The typical Tenderloin drug user generally possesses only very small amounts of a drug (e.g., a gram or two at a time), and even then for a short period of time, because the user will often immediately ingest the drug they just purchased.

17. All of the foregoing—including the two suspected hand-to-hand drug transactions, GONZALEZ-VALLE's possession of multiple drugs, and the manner in which they were packaged—combined with the location of the arrest in San Francisco's Tenderloin District, an area notorious for a high volume of drug sales activity, leads me to conclude there is probable cause to believe GONZALEZ-VALLE possessed the drugs law enforcement found with the intent to distribute.

## CONCLUSION

18. Based on my training and experience, and the facts and circumstances set forth above, I believe probable cause exists to believe that on October 11, 2023, in the Northern District of California, GONZALEZ-VALLE possessed with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for their arrest.

/s/
_____
ANDREW BOOTH
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 11th day of October 2023. This complaint and warrants are to be filed under seal.

_____
HONORABLE LISA J. CISNEROS
United States Magistrate Judge